# IN THE COURT OF APPEALS OF IOWA

No. 24-1384
Filed October 1, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**RYAN DENNIS MEYER,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mitchell County, Elizabeth Batey, Judge.

A defendant challenges the sufficiency of the evidence supporting his conviction for possession of marijuana. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg (until withdrawal) and Shellie L. Knipfer, Assistant Appellate Defenders, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**AHLERS, Presiding Judge.**

While talking with Ryan Meyer at his apartment for an unrelated matter, a police officer noticed the smell of marijuana coming from the apartment. The officer later applied for and received a warrant to search Meyer's apartment. The subsequent search uncovered an ice cream bucket hidden in a kitchen cupboard. Inside the bucket was a green leafy substance that smelled of marijuana and a prescription pill bottle wrapped in duct tape. The pill bottle also smelled of marijuana and contained a green leafy substance like that found in the bucket. Testing confirmed that the green leafy substances were marijuana, so the State charged Meyer with possession of marijuana. A jury found Meyer guilty, and he was sentenced accordingly.

Meyer appeals. He contends the evidence presented at trial was insufficient to prove that the substance at issue was marijuana. In particular, he contends the State failed to prove the substance was not hemp.

Sufficiency-of-the-evidence challenges are reviewed for correction of errors at law. *State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022). This standard is highly deferential to the jury's verdict, which we uphold if it is supported by substantial evidence. *Id.* "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* at 516–17. In determining whether the verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State. *Id.* at 517. This includes resolving all legitimate inferences and presumptions that may arise from the evidence in the State's favor. *Id.*

Meyer's challenge is based on the hemp exception in the controlled-substance statute. Iowa Code section 124.204(4)(m) (2023) identifies marijuana as a schedule I controlled substance. However, the inclusion of marijuana as a controlled substance is qualified with "except as otherwise provided in subsection 7." Iowa Code § 124.204(4)(m). Subsection 7 provides that section 124.204—which defines schedule I controlled substances—does not apply to hemp "with a maximum delta-9 tetrahydrocannabinol [THC] concentration that does not exceed three-tenths of one percent on a dry weight basis." *Id.* § 124.204(7)(a). Based on this exception, Meyer contends the State had to prove the substance he possessed was not hemp by proving it had a THC concentration that exceeded three-tenths of one percent. But Meyer's contention overlooks controlling case law.

In *State v. Mumford*, our supreme court rejected a similar argument. 14 N.W.3d 346, 356 (Iowa 2024). In that case, the court noted that the statute's exclusion of hemp from the definition of marijuana carved out an exception to a marijuana offense. *Id.* But the court held that the State need not "disprove an exception to a criminal offense unless a defendant produces evidence to put the exception at issue." *Id.* (quoting *United State v. Rivera*, 74 F.4th 134, 136 (3d Cir. 2023)). An exchange between the district court and Meyer's counsel, after he requested a jury instruction that would require the State to prove the substances were not hemp, confirms his failure to produce such evidence:

> DEFENSE COUNSEL: What . . . if it can be proven that it is hemp, then—
> THE COURT: So—so give me one piece of evidence that was offered that establishes that it is hemp. One piece of evidence that

> is probative of that being hemp. Not just the possibility that it could be hemp, but that it is hemp.
>     DEFENSE COUNSEL: That evidence hasn't been—hasn't been submitted, Your Honor.

As acknowledged by Meyer's trial counsel, no evidence was presented that the substances at issue were hemp. As such, the State was not required to prove that the substances were not hemp, and Meyer's challenge based on the hemp exception fails. *See id.*

Before concluding, we also address Meyer's argument that, because the district court gave several jury instructions addressing hemp, the court must have determined there was sufficient evidence to generate a jury question on the hemp exception. To begin, we note that the marshaling instruction only required the State to prove the substances were marijuana, with no mention of the hemp exception. The two instructions that followed stated:

- "Marijuana, with the exception of hemp and hemp products, is a controlled substance."

- "It is not necessary for the State to prove that the exception for hemp and hemp products does not apply, unless the defendant has first offered proof that the exception does apply."

Meyer raises no challenge to these or any other instructions on appeal. Instead, he contends the two instructions establish that he generated a fact question over the hemp exception. But this claim is belied by the district court's explanation that it included the instructions because Meyer's counsel, through questioning, had "muddied the waters" about hemp even though "there's actually no evidence in our record that the product is hemp." The fact that Meyer's questioning about hemp—

unsupported by evidence—necessitated the inclusion of clarifying instructions to avoid confusing the jury in no way undermines our conclusion that the State was not required to disprove the hemp exception.

As Meyer makes no sufficiency challenge beyond that related to the hemp exception and we find that exception does not apply due to lack of evidence supporting it, we affirm his conviction.

**AFFIRMED.**